County Court, Ulster County, September, 1902. Unreported.

In the Matter of the Petition of GEORGE S. DAVIS to Revoke the Liquor Tax Certificate of DE WITT C. JUDSON.

*F. G. Traver,* for petitioner.

*Brinnier & Searing,* for defendant.

*W. E. Schenck,* for Excise Department.

VAN ETTEN, Co. J. This proceeding is for the revoking and cancelling of a liquor tax certificate issued to DeWitt C. Judson, for alleged violation of the Liquor Tax Law. That law provides that proceedings of this character can be brought by any citizen of this State. De Witt C. Judson claims that these proceedings are improper and without jurisdiction for the reason that George S. Davis, the petitioner, is not a citizen of this State. From the testimony in the case it appears that the petitioner's great-grand-father was born in the State of New York in 1777, his grand father was born in this State in 1799, his father was born in this State in 1838. When the petitioner's father was about five years of age the petitioner's grandfather removed to Canada, taking petitioner's father with him. The petitioner's father, William C. Davis, was married while in Canada, and resided there until about 1880, when he returned to the United States. While in Canada he never exercised the right of citizenship of that country, nor did he ever formally renounce his allegiance to the United States of America. Upon his return to this country he assumed the right of citizenship and has exercised such right since his return.

William C. Davis, the petitioner's father, having been born in the State of New York, he was an American citizen by birth. His removal to Canada did not deprive him of his said citizenship. From the testimony in the case he never renounced allegiance to the United States of America, and he, therefore, continued to be such citizen.

In the case of *State* v. *Adams,* 24 American Rep. 760, the following facts appear: That the defendant's grandfather was born in Connecticut, removing to Canada in 1790, with the intention of making that his permanent domicile, and there remained until his death in 1838. Defendant's father was born in Canada and served in the Canadian military service through compulsion. Defendant was also born in Canada, but removed to Iowa, and the court held that the defendant was a citizen of the United States, and in the absence of evidence it would not be presumed that the grandfather intended to renounce his citizenship.

In the case of *Ludlam* v. *Ludlam,* 26 N. Y. 356, it was held that a citizen cannot divest himself of his citizenship until he becomes a citizen of another government; and this he cannot do until he arrives at full age.

The defendant offered to show that the petitioner's grand-father became a citizen of Canada. Assuming that the defendant could show this fact, yet I deem it immaterial, as the father of William C. Davis could not by any act of his divest William C. Davis of his right of citizenship.

The petitioner, George S. Davis, was born in Canada in 1857, and when about 23 years of age removed to the United States of America. He never exercised the rights of citizenship in Canada, and since 1880 has exercised the rights of citizenship as a citizen of this State.

The United States Revised Statutes, section 1,993, provide that "all children heretofore or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States; but the rights of citizenship shall not descend to children whose fathers never resided in the United States."

At the time of the petitioner's birth his father was a citizen of the United States, although he resided in Canada. Under the foregoing provisions of the revised statutes the petitioner is by birth a citizen of the United States and as he has resided for a

number of years in this State, he is a citizen of this State, and entitled to bring these proceedings.

It appears from the evidence that said De Witt C. Judson on at least two occasions, on the 8th day of June, 1902, which was Sunday, sold or caused to be sold to Fred W. Hill, whiskey, which was drunk upon the premises. On one of these occasions the whiskey was sold to Hill and Samuel Simpson.

It appeared to me that the witness Hill was a reluctant witness for the petitioner, and although his testimony was controverted by the defendant and his witnesses, yet I believe that Hill told the truth. Hill was also corroborated by the witness, Samuel Simpson, who testified positively that he also drank whiskey on this occasion in Judson's Hotel. Hill was not a guest at the hotel, and although he did eat a piece of potpie on one occasion when he drank whiskey, that was not a meal served to him as contemplated by the Liquor Law. Samuel Simpson also testified that Judson sold him lager beer on the 25th day of May, 1902, which was on Sunday. These acts were in violation of the Liquor Tax Law.

The petitioner also claims that the screens or blinds in the front barroom windows in the Judson House were closed and obstructed the view of the barroom. He was supported in this contention by two witnesses. The petitioner and his two wit-, nesses, at about 9 o'clock at night, stood on the sidewalk and looked toward the barroom and saw the light in the rear room, but they claim the view of the barroom was obstructed by the blinds and screens. These windows were about thirty feet from the street, and the petitioner walked from the street to the stoop, but his witnesses remained on the sidewalk. The defendant himself testified that the blinds and screens were open on this Sunday, and that an unobstructed view of the barroom could be had from the street, and he is supported in this contention by several disinterested witnesses.

Taking into consideration all the circumstances, and the fact that it was night time when the petitioner and his witnesses looked in the windows, and that there were no lights other than one in the rear room, whereby things could be distinctly observed, I believe that the petitioner has not established this branch of the case in regard to having screens in front of the windows by a preponderance of evidence.

But the petitioner having established the fact that De Witt

C. Judson has illegally sold liquor on Sunday, this petition is granted and the liquor tax certificate No. 30,280, issued to De Witt C. Judson, is cancelled and revoked.

And an order for revocation and cancellation may be handed up.